STATE OF HAWAII, Plaintiff-Appellee, *v.* ANGEL GILBERT RODRIGUES, JR., Defendant-Appellant, and KENNETH FITZGERALD MARIANI, Defendant

NO. 11186

(CRIMINAL NO. 84-0122)

MARCH 11, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Angel Gilbert Rodrigues, Jr. (Rodrigues), appeals the judgment of his guilt of attempted theft in the first degree. We affirm.

On July 11, 1984 Kenneth Mariani (Mariani) was caught in the act of attempting to steal a pick-up truck. Finding that Rodrigues was Mariani's accomplice, the jury found Rodrigues guilty as charged.

At the conclusion of the prosecution's case-in-chief, the trial judge denied Rodrigues' Rule 29(a), Hawaii Rules of Penal Procedure (HRPP),[1] motion for a judgment of acquittal. Thereafter, Rodrigues

---

[1]Rule 29(a), HRPP, provides:

Motion Before Submission to Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the

called two witnesses to testify. After all parties had rested Rodrigues did not move again under Rule 29(a) for a judgment of acquittal.

Rodrigues contends that the trial judge made two reversible errors. We will discuss them *seriatim*.

## I.

Rodrigues contends that the trial court erred in not granting his Rule 29(a) motion for a judgment of acquittal at the conclusion of the prosecution's case-in-chief.

We hold that Rodrigues lost his right to contest this point when he introduced evidence after his motion was denied. *State v. Halemanu*, 3 Haw. App. 300, 650 P.2d 587 (1982).

## II.

Rodrigues contends that the record does not contain sufficient evidence to support the jury's verdict.

We hold that Rodrigues is not entitled to argue this point under Rule 29(b) because he did not move for a judgment of acquittal after all parties had finally rested. 2 C. Wright, Federal Practice and Procedure: *Criminal 2d* §469 (1982).

We further hold that Rodrigues is entitled to argue this point under Rule 52(b), HRPP.[2] Upon a review of the record, however, we find no plain error.

Affirmed.

*Wayne M. Rooney* on the brief for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.

---

evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

[2]Rule 52(b), HRPP, provides as follows: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."