STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RICHARD OMAR ELLISTON, Defendant-Appellant.
No. 28453.
Intermediate Court of Appeals of Hawaii.
July 18, 2008.
On the briefs:
Paul R. Dolan, for Defendant-Appellant.
Linda L. Walton, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FUJISE and LEONARD, JJ.
Defendant-Appellant Richard Omar Elliston (Elliston) appeals from the judgment of conviction entered against him on February 26, 2007, in the Circuit Court of the Third Circuit (circuit court).[1] The judgment of conviction was entered pursuant to a jury verdict rendered December 8, 2006 finding him guilty of the Unauthorized Control of a Propelled Vehicle, a violation of Hawaii Revised Statutes (HRS) § 708-836(1) (Supp. 2006).[2]
After a careful review of the issues raised, arguments advanced, law relied upon, and the record in the instant case, we resolve Elliston's appeal as follows:
1. The circuit court did not abuse its discretion by denying the motion for a mistrial. The presentation of evidence pertaining to prior incarcerations can be disregarded as harmless if, beyond a reasonable doubt, the error did not contribute to the verdict obtained. State v. Kahinu, 53 Haw. 536, 549, 498 P.2d 635, 644 (1972) (quoting Tucker v. United States, 431 F.2d 1292, 1293 (9th Cir. 1970)). It appears from the record that beyond a reasonable doubt, the testimony given by Russlyn Estrada (Estrada) did not contribute to the verdict obtained.
2. Elliston has failed to preserve review of the denial of his motion for judgment of acquittal made at the end of the State of Hawaii's case-in-chief. Where the defendant puts on evidence in his own behalf after a motion for judgment of acquittal is made at the end of the state's case-in-chief and is denied and fails to renew the motion after the presentation of all evidence, he has waived review of the motion. State v. Rodrigues, 6 Haw. App. 580, 581, 733 P.2d 1222, 1223 (1987).
Moreover, a review of the evidence presented reveals there was sufficient evidence to support Elliston's conviction. See id. (appellate court may review sufficiency of the evidence for plain error even though defendant did not move for judgment of acquittal after all the parties had rested). Elliston's first contention, that he had apparent authority to operate the vehicle, establishing the elements of the affirmative defense provided in HRS § 708-836(3)(a),[3] was apparently not believed by the jury. Credibility determinations are entirely within the province of the jury. State v. Johnston, 51 Haw. 195, 197, 456 P.2d 805, 807 (1969). His second argument, that Estrada was not the owner of the vehicle, is also without merit, based on Estrada's testimony that she was given title to the vehicle by Raynard Torres.
3. The circuit court did not abuse its discretion in excusing juror number eight. Hawai`i Rules of Penal Procedure (HRPP) Rule 24(c) provides the trial court with the discretion to replace jurors who are unable to perform their duties or who are disqualified.[4] Although Elliston argues that, as juror number eight denied making statements regarding Elliston's guilt to other jurors, there was no basis to disqualify this juror, three other jurors told the circuit court that juror number eight made these comments. Thus, there was support in the record for the circuit court's conclusion that the juror in question had violated the directions given by the court not to discuss their views of the case before it was submitted to them. We find no abuse of discretion in the circuit court's action.
Therefore,
The February 26, 2007 Judgment of the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] The Honorable Elizabeth A. Strance presided.
[2] HRS § 708-836(1) provides:

A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.
[3] HRS § 708-836(3)(a) provides that "[it is an affirmative defense to a prosecution under this section that the defendant: (a) Received authorization to use the vehicle from an agent of the owner where the agent had actual or apparent authority to authorize such use[.]"
[4] HRPP Rule 24(c) provides in relevant part:

The court may direct that not more than 4 jurors in addition to the regular jury be called and impaneled to sit as alternate jurors who shall, in the order in which they are called, replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties.